UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, § | | |
| Plaintiff/Respondent, § | | |
| § | | |
| v. § | CRIMINAL NO. 2:12-868 | |
| § | CIVIL NO. 2:18-345 | |
| JORGE RIOS-SANDOVAL, § | | |
| Defendant/Movant. § | | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Jorge Rios-Sandoval filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and memorandum of law in support. D.E. 44. Now pending before the Court is the United States of America's (the "Government") motion to dismiss (D.E. 50), to which Movant has not responded. For the reasons set forth below, the Government's motion to dismiss is granted, and Movant's § 2255 motion is denied.

**I. Background**

On November 30, 2012, Movant pled guilty to illegal reentry in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). The Presentence Investigation Report (PSR) assigned Movant a base offense level of 8, and a 16-level enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(i) was added because Movant had previously been deported after serving 37 months in the Bureau of Prisons for importing 4.57 kilograms of cocaine, a felony "drug trafficking offense for which the sentence imposed exceeded 13 months." PSR, D.E. 17 ¶¶ 11, 12. After credit for acceptance of responsibility, his total offense level was

1

21. With a criminal history category of II, his advisory guideline range was 41–51 months' imprisonment.

The Court sentenced Movant to 41 months' imprisonment. Judgment was entered on January 14, 2013. Movant filed a timely Notice of Appeal, but on March 20, 2013, the Fifth Circuit granted his motion to voluntarily dismiss his appeal. More than five years later, on July 24, 2018, Movant attempted a second appeal and sought an order from the Fifth Circuit remanding the case to the district court to determine his eligibility for an out-of time appeal. The Fifth Circuit denied his motion for a hearing and dismissed the appeal on October 2, 2018. Movant filed the present motion on October 10, 2018.

## II. Legal Standards

### A. 28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992). "Moreover, a defendant 'may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for his procedural

default, and 'actual prejudice' resulting from the error.'" *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994) (quoting *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991) (en banc)).

## B. Statute of Limitations

A motion made under § 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

## III. Movant's Allegations

Movant's § 2255 motion raises the following claims:

1. His sentence is invalid under the Supreme Court's recent opinion in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018);

2. Trial counsel was ineffective for advising Movant to sign a plea agreement that contained a waiver of appeal; and

---

2. The statute provides that the limitations period shall run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

3

3. Trial counsel was ineffective for failing to enroll Movant in the "Fast Track Program."

**IV. Analysis**

**A. Ineffective Assistance of Counsel**

The Government moves to dismiss Movant's ineffective assistance of counsel claims as untimely. Movant's conviction became final on March 20, 2013, when the Fifth Circuit granted his motion to voluntarily dismiss his appeal. Movant therefore had one year, or until March 20, 2014, to file his motion under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f). His motion—filed October 10, 2018—was more than four years too late.

While equitable tolling may allow for a late-filed motion, such exceptions to limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365. Movant has not shown that he diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his motion.

Accordingly, Movant's ineffective assistance of counsel claims are denied.

**B. *Sessions v. Dimaya***

Movant further claims:

In [*Sessions v. Dimaya*], the Supreme Court held that the definition of a crime of violence was unconstitutionally vague under [18 U.S.C.] §16(b). At sentencing in this case Petitioner's sentence was enhanced with a crime of

4

violence enhancement under §16(b). Petitioner is therefore serving an illegal sentence that must be vacated.

D.E. 44, p. 5.

The Government argues that, to the extent Movant is asserting that his claim under *Dimaya* is timely pursuant to 28 U.S.C. § 2255(f)(3), this argument fails because Movant has failed to show that *Dimaya* recognized a right that applies retroactively to his case.

Even assuming that *Dimaya* applies retroactively, Movant is not entitled to relief. Movant claims his sentence was enhanced based on a prior felony conviction for a "crime of violence." However, as set forth in Part I, *supra*, Movant's sentence was enhanced under § 2L1.2(b)(1)(A)(i) based on his prior felony "drug trafficking offense."[1] Because *Dimaya* does not apply to Movant's sentence, this claim is denied.

## V. Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c) (1)(A). Although Movant has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a certificate of appealability (COA). *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and

---

1. Movant was sentenced under the 2012 Edition of the Sentencing Guidelines Manual. Section 2L1.2 was drastically amended in 2016 to eliminate the "categorical approach" and base enhancements on the length of the prior sentence imposed.

5

argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As for claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483–84).

Based on the above standards, the Court concludes that Movant is not entitled to a COA—that is, reasonable jurists could not debate the Court's resolution of his claims.

## VI. Conclusion

For the foregoing reasons, the Government's motion to dismiss (D.E. 50) is **GRANTED**, and Movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 44) is **DENIED**. Additionally, Movant is **DENIED** a Certificate of Appealability.

So **ORDERED** on 4/23/19.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE